ROYAL A. BROUSSEAU AND PAULINE M. BROUSSEAU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brousseau v. Commissioner
Docket No. 4104-76.
United States Tax Court
T.C. Memo 1978-363; 1978 Tax Ct. Memo LEXIS 149; 37 T.C.M. (CCH) 1507; T.C.M. (RIA) 78363; September 13, 1978, Filed *149 J. Bruce Donaldson, for the petitioners. Ronald T. Murphy, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax under section 6653(b) [1] for the years and in the amounts as follows: Year
Deficiency
Sec. 6653 (b)
1968
$ 2,675.74
$ 1,337.87
1969
22,942.03
11,471.01
1970
2,614.09
1,307.04
1971
2,947.85
1,473.93
Petitioners' income for the years in issue, and upon which the deficiencies were based, was reconstructed by use of the net worth plus personal living expenses method. Concessions having been made, [2] the sole issue at the time of the trial of this case was whether petitioner Royal A. Brousseau loaned his brother, Phillip Brousseau, $ 45,000 in 1969 and an additional $ 3,000 in 1971, which loans continued to be outstanding throughout the remainder of the net worth period. [3]
*150 At the time of filing their petition herein, Royal A. and Pauline M. Brousseau, husband and wife, resided in Ossineke, Mich. The trial of this case was held on October 4, 1977, in Detroit, Mich., at which time the Court received into evidence oral testimony and certain exhibits bearing on the lone issue to be decided. Upon the completion of the presentation of evidence, each party orally argued their respective positions. Following the close of the oral arguments and based on the evidence presented, the Court ruled, as contended by petitioners, that Royal A. Brousseau did not loan his brother $ 45,000 in 1969 and $ 3,000 in 1971. Subsequently, on June 9, 1978, the parties filed with this Court a "Joint Request for Findings of Fact" in which they stipulated that petitioner, Royal A. Brousseau, did not loan his brother, Phillip Brousseau, any funds during the period 1968 through 1971. To reflect the foregoing and due to other concessions, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue.↩
2. Petitioners have conceded that a part of the underpayment of tax required to be shown on their returns throughout the years in issue is due to fraud. ↩
3. Such loan amounts were used by respondent in his net worth computations.↩